IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANGER ENVIRONMENTAL SERVICES LLC, ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION 1:23-00297-KD-M |
| CARL FOEHL, *et al.*, ) ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the parties' "Joint Motion to Convert Hearing on Motion for Temporary Restraining Order to Status Conference and to Hold Certain Settings in Abeyance." (Doc. 9).

Specifically, the parties request that this Court convert the August 14, 2023 hearing on Plaintiff's Verified Complaint and Motion and Memorandum in Support of a Temporary Restraining Order and/or Preliminary Injunction, and Seizure Order (Docs. 1, 3) to a status conference, and hold in abeyance the deadline for Defendants to respond (August 9, 2023). (Doc. 9). As grounds, the parties "expect that, by the … hearing setting, they will have reached an agreement on the terms of a Consent Order either resolving the Motion in its entirety or otherwise limiting the scope of the issues necessary for consideration and adjudication by the Court, and believe those issues to be limited." (Id. at 2).[1]

---

[1] The parties indicate that they are entering into a private settlement and propose issuance of Consent Order by the Court as the result. A private settlement does not prompt the Court's action whereas consent orders or decrees stemming from same seek to invoke the Court's power to do what the parties alone do not have the authority to do. See, e.g., Stovall v. City of Cocoa, Fla., 117 F.3d 1238, 1242-1243 (11th Cir. 1997) ("just because the settlement agreement was binding upon the parties does not mean it was binding on the district court. *See League of United Latin Amer. Citizens Council No. 4434 v. Clements*, 999 F.2d 831, 845 (5th Cir.1993) (en banc) (citations omitted) ("[e]ven if all of the litigants were in accord, it does not follow that the federal court must do their bidding.... The entry of a consent decree is more than a matter of

Upon consideration, it is **ORDERED** that the August 14, 2023 hearing on Plaintiff's Verified Complaint and Motion and Memorandum in Support of a Temporary Restraining Order and/or Preliminary Injunction, and Seizure Order (Docs. 1, 3) is **CANCELLED.** However, this matter is **RE-SET** for a **Status Conference,** via telephone, on **August 14, 2023** at **1:00 p.m.**[2]

**DONE** and **ORDERED** this the **11th** day of **August 2023**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

agreement among litigants. It is a judicial act[]")). A consent order or decree "is a judgment with the force of *res judicata*[]" sought when the parties "seek the imprimatur of judicial approval." Allen v. School Bd. For Santa Rosa Cty., Fla, 787 F.Supp.2d 1293 (N.D. Fla. 2011) (citing Paradise v. Prescott, 767 F.2d 1514, 1525 (11th Cir. 1985)); Sierra Club v. Coca-Cola Corp., 673 F.Supp. 1555, 1556 (M.D. Fla. 1987) ("[p]arties to a lawsuit may always compromise their dispute...But where the parties wish to incorporate their settlement into a judicial decree—where they seek the imprimatur of judicial approval—the court must give the agreement more careful scrutiny..."). When such relief is sought, the Court does not give "perfunctory approval" because its duty is to scrutinize – to ascertain the settlement is "fair, adequate and reasonable." U.S. v. City of Miami, Fla., 664 F.2d 435, 440-441 (11th Cir. 1981) ("[t]he court … must not merely sign on the line provided by the parties. Even though the decree is predicated on consent of the parties, the judge must not give it perfunctory approval … the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. Even when it affects only the parties, the court should … examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence. This requires a determination that the proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. If the decree also affects third parties, the court must be satisfied that the effect on them is neither unreasonable nor proscribed[]").

[2] A telephone number for the Status Conference will be provided by the Court.