IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANGER ENVIRONMENTAL SERVICES LLC, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CARL FOEHL, *et al.*, ) <br>     Defendants. ) | CIVIL ACTION 1:23-00297-KD-M |

## ORDER

This matter is before the Court on Plaintiff's Motion to Enforce Partial Settlement Agreement (Doc. 15); Defendants' Response (Doc. 25); and the September 19-21, 2023 hearing.

**I.   Background**

Plaintiff Ranger Environmental Services, LLC (Ranger) provides environmental, industrial, and commercial cleaning services, including vacuum hydro-blasting, tank cleaning, and waste transportation, to its customers who are engaged in heavy industries and within the maritime markets of Alabama, Mississippi, and Georgia. Defendant Carl Foehl (Foehl) was a former employee (Maritime Manager) of Ranger from 2/9/16-7/9/23 until his voluntary resignation. Defendant Kendall Salley (Salley) was a former employee of Ranger from from 8/14/14-5/5/21 (Branch Manager Creola Branch and General Manager over all branches).Defendant Wellbuilt Environmental Solutions LLC (Wellbuilt) provides environmental, industrial, and commercial cleaning services, including vacuum hydro-blasting, tank cleaning, and waste transportation, in Alabama, Arkansas, Louisiana, and Texas. This litigation is rooted in the circumstances surrounding Foehl's July 2023 resignation and his employment with Wellbuilt. Ranger alleges that around that time, Foel, Wellbuilt, and Salley, misappropriated Ranger's trade secrets, solicited its customers and employees, and improperly competed to unlawfully advantage Wellbuilt.

As a result, on August 3, 2023, Ranger initiated this action against Foehl, Salley, and Wellbuilt, pursuant to Federal Rule of Civil Procedure Rule 65, 18 U.S.C. § 1836 *et seq*. (the *Federal Defend Trade Secrets Act* (DTSA)), and Ala. Code §§ 8-27-4(a)(1)(a) and 8-1-195 (the *Ala Trade Secrets Act* (ATSA)). Ranger filed a Verified Complaint, Motion for Temporary Restraining Order (TRO), Motion for Preliminary Injunction (PI), and Motion for Civil Seizure. (Docs. 1, 3). In the Verified Complaint, Ranger alleges nine (9) counts against the Defendants: as follows misappropriation of trade secrets DTSA (18 U.S.C. §§ 1831) and ATSA (Ala. Code §§ 8-27-1) by all Defendants (Counts One and Two); conspiracy to violate the DTSA (Count Three) by all Defendants; breach of contract by Foehl relative to his employment agreement with Ranger (Count Four); fraud, misrepresentation, deceit, and suppression against Foehl (Count Five); breach of fiduciary duties against Foehl (Count Six); tortious interference against Foehl (Count Seven); tortious interference against Salley and Wellbuilt (Count Eight); and breach of contract by Foehl (a $5,200 loan by Ranger) (Count Nine).

On August 4, 2023, the motions were set for an evidentiary hearing on August 14, 2023. (Doc. 7). On August 9, 2023, the parties jointly moved to convert the hearing into a status conference and to hold certain settings in abeyance suggesting they had reached an agreement as to some claims, and the request was granted. (Docs. 9, 10). On August 11, 2023, the parties jointly filed a motion for entry of a consent preliminary injunction order as to certain claims and a briefing schedule for the remaining disputed issues. (Doc. 11). On August 14, 2023, a Status Conference was held, at which time the parties represented that they were in agreement as to certain issues/claims but wished for the case to continue as to the remaining issues. At the conference, the Court emphasized to the parties that they could execute a private settlement outside of the undersigned's imprimatur because a consent order would not be granted given that such entails findings of fact and conclusions of law as well as are generally disfavored. The Court notified the parties further, that injunctive relief would not be considered without a full evidentiary hearing and a determination as to whether Ranger had satisfied its Rule 65 burden. The parties' motion was denied and the motion for TRO/PI/Seizure was rendered moot. (Docs. 12, 13).

On September 1, 2023, Ranger moved for entry of a temporary and permanent preliminary injunction as well as for the Court to enforce a private partial settlement agreement with the Defendants, related to Counts 1-2 and 4 of the Verified Complaint. (Doc. 15). The motion was set for a September 19, 2023 evidentiary hearing. (Doc. 16). On September 7, 2023, Defendants filed a motion to dismiss certain claims in Ranger's verified complaint and filed an Answer. (Docs. 18, 19). On September 11, 2023, Defendants filed their response to Ranger's injunctive and enforcement request. (Doc. 25).  From September 19-21, 2023, an evidentiary hearing was held.

**II.    Motion to Enforce Partial Settlement**

Ranger moves for the Court to enforce a private partial settlement of its claims with the Defendants; namely, pages 2-6 of Doc. 11, the parties' proposed consent preliminary injunction order. Per Ranger: "[f]ollowing the status conference … counsel requested the Parties memorialize the partial settlement agreement in writing, outlining the terms to which the Parties agreed, as evidenced by their joint submission (Doc. 11), so that Ranger could refile a limited motion for preliminary injunction on the remaining disputed matters. Defendants reneged and refused to memorialize in writing the terms of the Parties partial settlement agreement, and further refuse to comply with the terms to which they agreed, necessitating this Motion." (Doc. 15 at 22-23). Presently Ranger seeks the Court's intervention to enforce pages 2-6 of Doc. 11 against the Defendants, as such "memorialized" its partial settlement.

At the outset, the Court denied Doc. 11 and explained the reasoning why at the previous telephone conference. The Court recommended the parties execute a private settlement as to the terms upon which they could agree with the remaining issues to be (potentially if/when needed) raised in a later motion for injunctive relief or motion for summary judgment. Per Ranger, after the status conference, it "requested [of Defendants] that the terms of the Parties' agreement be reduced to a written partial settlement agreement as recommended by the Court, with the Court to determine the remaining issues. However, Defendants reneged on the Parties' Agreement, necessitating this Motion." (Doc. 15 at 41). The foregoing *strongly* suggests that the essential terms of a settlement with the

3

Defendants were not finalized, and *clearly* demonstrates no written settlement agreement had been executed.

Second, the Court does not enforce private settlement agreements. Private settlements do not entail judicial oversight or approval. If Ranger wishes to enforce what it perceives as Defendants' breach of a settlement agreement, its avenue for relief would be initiating a new action for breach of contract; if federal jurisdiction exists, in federal court, otherwise, state court.

Upon consideration, it is **ORDERED** that Ranger's motion as to enforcement of a private partial settlement (Doc. 15) is **DENIED.**

**DONE** and **ORDERED** this the **2nd** day of **October 2023**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**